978 F.2d 1257
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Vaden Lee WILLIAMS, Defendant-Appellant.
 No. 91-5178.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1992
Decided: November 2, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-70-N)
 Richard A. Monteith, MONTEITH & HARDING, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Vaden Lee Williams pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. He appeals the sentence he received, and we affirm.
 
 
 2
 Williams' primary challenge is to the amount of cocaine used to calculate his offense level. He and his girlfriend were involved with a group in Virginia Beach who purchased a total of 11.5 kilograms of cocaine in Florida and brought it to Virginia for distribution. The probation officer suggested that the whole amount was foreseeable to Williams and recommended a base offense level of thirty-four (5-15 kilograms of cocaine), reduced by two levels for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, §§ 1B1.3(a)(1), 2D1.1(c), 3E1.1 (Nov. 1990). At the sentencing hearing, Williams argued that the whole amount was not foreseeable to him, but admitted direct involvement with three of the transactions listed in the presentence report. The amounts purchased in those transactions totaled 5.5 kilograms.
 
 
 3
 The district court incorrectly resolved this issue by (1) finding that Williams was responsible for all the cocaine purchased during the conspiracy because he had pled guilty to the conspiracy charge, and (2) making no finding as to what amounts Williams actually knew about or what amounts were foreseeable to him. It is true that a defendant may be convicted of offenses committed by co-conspirators without his knowledge simply by virtue of his participation in the conspiracy. See Pinkerton v. United States, 328 U.S. 640 (1946); United States v. Chorman, 910 F.2d 102, 111 (4th Cir. 1990). However, the Pinkerton rule does not apply to guideline sentencing. Under guideline section 1B1.3(a)(1), comment. (n.1), a defendant is accountable only for conduct to which he specifically agreed or which was reasonably foreseeable to him.
 
 
 4
 Nonetheless, the district court's error was harmless in this case because Williams admitted his involvement in cocaine purchases of 5.5 kilograms-enough to give him an offense level of thirty-four, the same level the district court used.
 
 
 5
 Williams also suggests that this Court should review for abuse of discretion the district court's decision to give him a higher sentence than was imposed on two co-defendants who had the same guideline range. We have previously held, however, that the district court may fix the sentence at any point within the guideline range, United States v. Roberts, 881 F.2d 95 (4th Cir. 1989), and that its decision is not appealable as long as the guideline range is correctly calculated. United States v. Porter, 909 F.2d 789 (4th Cir. 1990); see also Williams v. United States, 112 S. Ct. 1112, 1121 (1992) (selection of sentence from within guideline range is decision left solely to sentencing court). Because the guideline range was correct, we will not review the district court's exercise of its discretion in choosing the point at which to impose sentence.
 
 
 6
 Williams asks that his case be remanded so that the district court may make findings concerning his mental state at the time of sentencing. Williams requested and received a psychological evaluation before he was sentenced. He never claimed to be incompetent either to enter his guilty plea or to be sentenced, and no evidence supporting incompetence appears in the record. No error on the part of the district court is alleged, and we can perceive no basis for a remand.
 
 
 7
 Finally, Williams maintains that the district court should not have considered the two kilograms of cocaine which he attempted to buy in Florida in April 1990, for which he was convicted in state court, because to do so violates the prohibition against double jeopardy. Because he did not raise this issue in the district court, it is not properly before this Court. See Peretz v. United States, 111 S. Ct. 2661, 2669 (1991) (citing United States v. Bascaro, 742 F.2d 1335 (11th Cir. 1984), cert. denied, 472 U.S. 1017 (1985)). The district court did not plainly err in considering the two kilograms in any case, because Williams could have been prosecuted and sentenced by both the state and federal government for his conduct without a violation of the prohibition against double jeopardy. See United States v. Iaquinta, 674 F.2d 260 (4th Cir. 1982).
 
 
 8
 We therefore affirm the judgment of the district court. We deny Williams' motion to submit grand jury testimony as new evidence; it was not before the sentencing court and is unnecessary for a decision on the issues raised. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED